# Frey *v.* Thompson's Adm'r.

*Statutory Real Action in nature of Ejectment.*

1. *Devise to widow during widowhood, or during life or widowhood.*—Under a devise to the testator's widow for life, if she shall so long continue a widow, with a devise over in the event of her marrying again, the devise over is not dependent on the single contingency of her marriage, but takes effect on the determination of her estate, whether by death or marriage; but, under a devise to her by words creating an absolute estate, "to hold the same during her widowhood," and to be cut down to a child's portion in the event of her marriage, her estate can only be defeated or cut down by her marriage, and does not terminate at her death not having married.

[Frey v. Thompson's Adm'r.]

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. LOUIS WYETH.

This action was brought by John S. Hale, as the administrator *de bonis non*, with the will annexed of Edward Thompson, deceased, against Andrew C. Frey and W. H. Jervis, to recover a tract of land particularly described in the complaint, with damages during its detention ; and was commenced on the 12th September, 1879. The defendants pleaded not guilty, and the cause was tried on issue joined on that plea. The will of said Edward Thompson, under which both of the parties claimed, was offered in evidence on the trial, and the original was sent up to this court, with the record, for inspection ; but it is not on file with the papers, having been returned to the primary court, and has not come into the hands of the reporter. It is copied in the bill of exceptions without any punctuation marks, and *verbatim* as follows :

"State of Alabama ⎰   I Edward Thompson of the State Morgan county.   ⎱ and county aforesaid being of sound mind and in perfect health do make this my last will and testament in manner and form following that is to say I give and bequeath unto my beloved wife Margaret Thompson all my landed estate consisting of the quarter section I now reside upon together with the quarter section I have lately bought of Richard Carter known by certificate to be the N west quarter of section three of Range five of Township six the E half of N East quarter of section thirty three Township five of Range five west and forty acres of land known by certificate to be the South half of the East half of the N west quarter of section thirty four Township five Range five west together with money sufficient to patent such of the above described lands as remain unpatented and I also give and bequeath unto my wife as aforesaid all my stock of cattle hogs sheep and three horses of her choice all my farming tools blacksmith tools house hold and kitchen furniture and the following negroes," giving their names ; " and one wagon and two yoke of oxen to have and to hold the same during her widowhood the balance of my property I wish my executor or executors to sell and the proceeds thereof to be equally divided among my children except my daughter Jane Pulliam her part I wish to be given to the heirs of her body as they become of age or are legally represented All my money on hand and all that is due me or may become due me except what is sufficient to patent the lands as above described is to be divided as the residue of my property after my wife's part being taken out except my wife is to have a child's part of said money and dues. Now should my wife Margaret Thompson marry after my decease she is to have only a

[Frey v. Thompson's Adm'r.]

child's part of all the above described property that I have bequeathed to her. Now to conclude I nominate and appoint my wife Margaret Thompson and my son James Thompson my executors in testimony whereof I affix my hand and seal this 9th December, 1830."

"On the trial," as the bill of exceptions states, "it was agreed, for the purposes of the trial, that the will of said Edward Thompson was duly probated and established in the year 1835, and is the same herewith offered in evidence; that Margaret Thompson, the widow of said decedent, died in the year 1878, not having married after the death of said Edward Thompson; that said Edward left heirs at law still surviving; that said Margaret had possession of the lands described in the complaint, under said will, until 1878, when the same were sold by the sheriff of said county, as the property of said Margaret, for the satisfaction of a judgment against her, in an action of *assumpsit*, obtained in the Circuit Court of Morgan county, at the Fall term, 1875, in favor of B. F. Cross; at which sale the defendants became the purchasers, and received the sheriff's deed to said lands, and now hold possession thereof under said sheriff's deed, and so held at the commencement of this suit. It was further admitted, that said judgment was regularly and legally obtained, and said execution regularly and legally issued, and placed in the hands of the sheriff of said county, and by him legally levied on the said lands, and notice of said levy regularly and legally given, and said lands advertised and sold under said execution, and deed made to the defendants as directed by law. It was further agreed, that the rent of the land was worth fifty dollars.

"This was all the evidence introduced by either party; and thereupon, the court charged the jury, at the request of the plaintiff, if they believed the evidence, they would find for the plaintiff; to which charge the defendants excepted," and they now assign it as error.

THOS. H. WATTS, with C. C. HARRIS, for appellants.—Under the agreed statement of facts, the plaintiff showed no right of recovery, because there was no proof of his appointment as administrator. If proof of that fact had been made, or was waived, he still showed no right of action against the widow, or a purchaser from her. Her possession "under the will," for more than forty years, must be referred to her character as devisee, and raises a presumption of an assent to the devise, if any assent was necessary.—*Walker v. Walker*, 26 Ala. 262. If she did not take an absolute estate in the lands, under the terms of the will, the remainder, or limita-

(19)

tion over, was to the children ; and the right of action, if any, was then in them.—32 Ala. 461, 645 ; 36 Ala. 163.    But the will gives her an absolute estate in the lands, without regard to the subsequent provisions as to the personal property.    It is without any marks of punctuation, and shows that it was drawn by an inexperienced person.    The first item is a devise of the lands, by words which create an absolute estate ; and then follows a bequest of personal property, " to have and to hold during widowhood "; and the last clause, cutting down her interest in the event of her marriage, is also limited to the property " bequeathed to her," which does not include lands devised.    Even if these limitations can be referred to the devise of the lands, they can not have the effect of cutting down her absolute estate into an estate for life.    That would be to make the termination of her estate depend upon the happening of either one of two contingencies—marriage or death—whereas the will makes it determinable on the single contingency of marriage.—*Sherrod v. Sherrod*, 38 Ala. 537 ; *Harrison v. Foreman*, 5 Vesey, 207.

H. A. SHARPE, *contra.*—It was unnecessary to prove the grant of administration to the plaintiff, since there was no special plea of *ne unques administrator.*—*Worsham v. Goar*, 4 Porter, 441 ; *Switzer v. Holloway*, 2 Porter, 88 ; 1 Chitty's Pl. 402.    The right of an administrator to maintain ejectment, to recover the possession of lands belonging to the estate, is well settled.—*Golding v. Golding*, 24 Ala. 122 ; *Masterson v. Girard*, 10 Ala. 60 ; *Russell v. Erwin*, 41 Ala. 292.    By the terms of the will, the widow took an estate only " during widowhood," the *habendum* clause applying equally to the lands and personal property given to her.    Such an estate is terminated by death, unless sooner by marriage.—2 Redf. Wills, 1st ed., 596-7, and cases there cited ; 1 Jarman on Wills, 803 ; *Jordan v. Holkham*, Ambler, 209 ; 15 Beavan, 163.

BRICKELL, C. J.—The testator, by his will, devises the real estate in controversy, directly and immediately, to his widow, in terms which carry the fee simple.    The estate is, however, subject to be divested upon a single event, or contingency,—the marriage of the widow.    There is no other event or contingency provided, in which the estate is to cease and determine, and no gift over on its determination, except to the widow.    The rule is, that where there are clear words of gift, the courts will not permit an absolute gift to be defeated, unless it is clear that the very event or contingency has happened, in which it is declared that the interest shall

[Frey v. Thompson's Adm'r.]

cease. It is not to be inferred, or implied, that the absolute gift is infringed, further than is expressed.—*Sherrod v. Sherrod*, 38 Ala. 537 ; *Harrison v. Foreman*, 5 Vesey, 207.

A like rule prevails, when prior or particular and ulterior estates are created. If the ulterior estate is expressed to arise on a contingent determination of the preceding interest, and the prior gift has in event taken place, but is afterwards determined in a different mode from that which is expressed by the testator, the ulterior gift fails.—1 Jarman on Wills, Bigelow's ed., 803. It is upon the exception to this rule the appellee relies, which is thus stated : "When a testator makes a devise to his widow for life, if she shall so long continue a widow, and if she shall marry, then over ; in which the established construction is, that the devise over is not dependent on the contingency of the widow's marrying again, but takes effect at all events on the determination of her estate, whether by marriage or death."—1 Jarm. Wills, 803. Or, as it is stated in the recent case of *Underhill v. Roden*, 2 Law Rep., Ch. Div. 496 : "Where a testator gives to a woman a life interest, if she so long remains unmarried, and then directs that, in the event of her marriage, the property shall go over to another ; although, according to the strict language, the gift over is expressed only to take effect in the event of the marriage of the tenant for life, the gift over is held to take effect, even though the tenant for life does not marry." But the exception does not apply, when there is an absolute estate given to the widow, and thereon is engrafted a devise over, to take effect on her marriage : then the general rule applies, that a clear vested interest can be devested only upon the happening of the precise contingency expressed. 1 Jarman on Wills, Bigelow's ed., 804.

There is often much of difficulty in determining whether the event of not marrying is interwoven into the original gift, thus creating an estate *durante viduitate* only, or whether it is a condition or contingency on which the estate is to be devested and determined.—*Bainbridge v. Cream*, 16 Beavan, 25 ; *Meads v. Wood*, 19 Beavan, 215. When all the words of the present will are read together, the intention of the testator is plain, and it is that intention which must prevail—a gift of an absolute estate to the wife, to be devested and determined on this express condition only, that she should marry again ; and not a gift to her for life, or during widowhood.—*Sheffield v. Lord Orrery*, 3 Atk. 283. Upon any other construction, though it is apparent the testator intended to dispose of his whole estate, and not to die intestate as to any part thereof, real or personal, a partial intestacy would be produced. For, in the event of the marriage of the widow,

[Sawyers v. Baker.]

there is no gift or devise over, except of a child's part to her, the quantity of which can be ascertained only from the statutes of descents and distributions. Courts are disinclined to construe wills so as to produce partial intestacy.—1 Jarman on Wills, Bigelow's ed., 851. The purposes of the testator seem clear : his widow was the primary object of his bounty, the mother of his children. If she did not marry again, the children would take from her, as they would take from him if she should marry. Having, doubtless, confidence that she would be just and generous to her and his children, he gives and devises to her the absolute estate, subject to be devested if she should marry again, introducing a stranger to share it with her, and probably having issue to take from her who would be alien to his blood. Besides, the gift over to the widow of a child's part of the estate, real and personal, if she married, indicates clearly an intention to make a provision for her in that event, which defeated and devested the absolute estate already given to her.

The Circuit Court erred in the charge given ; and the judgment must be reversed, and the cause remanded.