# Smith v. Chadwick.

### *Bill in Equity for Partition of Land.*

1. *Will; devise of life estate with remainder over; construction.*—Under a will wherein the testator devises that his wife shall remain in undisturbed possession of his real estate during his life, provided she

[Smith v. Chadwick.]

does not marry again, in which event the property shall go to his son, to whom it was further provided it should go if the testator survived his wife, there is a devise to the widow for life, if she does not marry again, with remainder over to the son; and upon the death of the widow without having remarried, the devise over goes into effect, and the remainder over to the son vests immediately in enjoyment.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on May 31, 18 5, for the partition of lands. The bill is exhibited against the defendant W. H. Smith and his co-defendants, by Elias Chadwick, who is the father of all the defendants, except W. H. Smith. The bill alleges that James Smith died in December, 1877, in Russell county, leaving a last will, which was duly executed and admitted to probate by the probate court of Russell county in February, 1878.

The will of James Smith was made an exhibit to the bill, and its provisions were as follows: "If my wife, Louisa Smith, shall outlive me, she shall remain in undisturbed possession of all my property, both real and personal, during her lifetime, provided she does not marry again; and if she does not marry it is my will that all my property, both real and personal, shall go to my children in the following order, in which order it shall also be divided in case I should outlive her: I hereby will and decree to my son William Henry and his children after him all the real estate I may be posessed of at the time of my death. Under the the following conditions: That he pay or cause to be paid to my daughter Sarah Ann Frances, wife of Elias Chadwick, or her bodily heirs, the sum of two hundred dollars, lawful money, within two years after he shall be in possession of said real estate. All my personal property shall be equally divided between, share and share alike."

James Smith left surviving him his wife, Louisa Smith, and two children—Wm. H. Smith, one of the defendants, and Sarah Ann Frances Chadwick, the mother of all the other defendants, and wife of Elias Chadwick, the complainant. Sarah Ann Frances Chadwick died on the 8th day of July, 1891; and Louisa Smith, the widow of James Smith, died on the 19th day of November, 1891.

The bill further avers that all the personal property

belonging to the estate of James Smith, deceased, has been equally divided between William H. Smith and Sarah Ann Frances Chadwick, and then alleges that the will of James Smith is silent as to the disposition to be made of his real estate in the event his wife survived him and did not marry again—a contingency which occurred—and complainant contends in the bill that James Smith died intestate as to the fee in said realty in the event of such contingency. It was further averred that the defendant W. H. Smith had been in possession of the land since the death of Louisa Smith—more than two years—and has failed and refused to pay the two hundred dollars mentioned in the will, or to divide the land; that after the death of James Smith, and after the will was admitted to probate, the said W. H. Smith and the said Sarah Ann Frances Chadwick, with the consent of her husband, made and entered into an agreement to set aside the will of the said James Smith, which agreement is made an exhibit to the bill, and is as follows: "This is to certify that we, the undersigned heirs of James Smith, agree that the landed estate of James Smith shall be and is left to the entire disposal of our mother, Mrs. Louisa K. Smith, during her life time for her support. We also agree that the will of James Smith, as probated, is set aside by us. Also agree that after the death of Mrs. L. K. Smith that the land shall be equally divided between us. All personal property has this day been divided between us, except household goods, which shall remain in possession of our mother, Louisa K. Smith, during her lifetime, and after her death to be equally divided between us. Also the personal property, if any." This agreement was duly executed by all parties thereto, in the presence of attesting witnesses, and was filed and recorded in the office of the judge of probate soon after its execution. It was averred in the bill that the land could be equitably divided, and the prayer was for partition.

The defendant, W. H. Smith, demurred to the bill on the following grounds: 1. The facts stated in the bill show that complainant has no such interest in the subject matter of the suit as will authorize him to maintain the bill. 2. The bill and exhibits show that the whole title in the land sought to be partitioned is in this defendant, W. H. Smith.

On the submission of the cause on this demurrer, the court overruled it. The respondent brings the present appeal, and assigns this decree of the chancellor as error.

LYMAN W. MARTIN, for appellant.

WILLIAM J. BOYKIN and SMITH & HENRY, *contra.* Under the provisions of the will, William H. Smith became vested with the fee in the land upon the death of the widow of the testator. The language of the devise shows such to have been the intent of the testator.—29 Amer. & Eng. Encyc. of Law, 372-5, § 7; *Hollingsworth v. Hollingsworth*, 65 Ala. 321; *Sherrod v. Sherrod*, 38 Ala. 537.

BRICKELL, C. J.—The gift in the will of the testator, James Smith, to his wife, Louisa, is of an express estate for life—there is no event or contingency provided, in which it could endure beyond that period; while there is an event or contingency expressed, her marrying again, which might terminate it before its natural expiration. The doctrine is, as is suggested in the argument of the counsel for the appellee, that when there are clear words of gift, the courts will not permit the gift to be defeated, unless it be clear that the case has happened, in which it is declared the interest shall cease.—*Sherrod v. Sherrod*, 38 Ala. 537. The rule applies when prior or particular estates are created. If the ulterior estate is expressed to arise on a contingent determination of the preceding interest, and the prior gift in event has taken place, but is afterwards determined in a different mode from that expressed by the testator, the ulterior gift fails. If the gift to the wife had been of an absolute, not of a qualified or limited estate—of the fee, and not of an estate which could not endure beyond her life—the ulterior gift to William Henry Smith and his children, could not have taken effect, unless the widow had married again, for that would have been the event or contingency, and the only event or contingency expressed, on which the gift could have taken effect. But the gift to the wife was expressed to be for life, and the rule is settled as it is stated by Mr. Jarman: "When a testator makes a devise to his widow for life, if she shall continue a widow, and if she shall marry, then over; in

35

which the established construction is, that the devise over is not dependent on the contingency of the widow marrying again, but takes effect at all events on the determination of her estate, whether by marrying or death.''—1 Jarman on Wills, 804; *Frey v. Thompson*, 66 Ala. 287. The death of the widow terminated her life estate, and the remainder over to William H. and his children, immediately vested in enjoyment.

There is no intent and purpose more clearly manifested by the will, than that the testator did not intend to die intestate—that he intended to dispose of all his estate or property, real or personal. Courts are reluctant so to construe a will as to create partial intestacy. If there be room for presumption, the presumption is, that when a sane testator engages in so solemn and important an act, as the execution tion and publication of a last will and testament, he does not intend leaving undisposed of any portion of his property. The theory of the appellees, that as to the lands the testator died intestate, would blot out and annul the express gift in remainder to William H. and his children, and do violence to the plain intent of the testator, to make an entire disposition of his estate.

The chancellor erred in overruling the demurrers, and the decree must be reversed, a decree rendered sustaining the demurrer, and the cause remanded.

Reversed, rendered and remanded.