*Cobb & Erwin, F. M. Johnson, S. H. Sibley, Q. L. Williford*, and *M. C. Few*, contra.

---

BLACK <em>et al.</em> v. NOLAN <em>et al.</em>

The first item of the will of a testator, who died in 1841, was: "It is my will that my wife . . and my children [naming them, six in number] shall share an equal proportion of my estate, after my wife and .[four named children] shall have a sufficient sum of money or property out of my estate to make them equal to the amount willed [to the other two children] by their grandfather, . . it being my desire to place them all on an equality." The second item was: "It is my will that my wife remain on the place of residence where I now reside, during her life or widowhood, and, in case she marries, for her to receive a child's part." The widow never remarried, and continued in possession of the premises referred to in the second item till 1852, when she sold and .conveyed her interest therein. She died in 1907. *Held*, that, construing the two items together, the intention of the testator was, after an equalization, to give to the widow and to each of his six children a one-seventh interest in his estate, including the land mentioned in the second item, and to the widow, in addition to a one-seventh interest, the privilege of remaining on the place referred to in the second item, during her life or widowhood.

Argued February 9,—Decided April 16, 1909.

Partition. Before Judge Lewis. Morgan superior court. June 19, 1908.

*Cobb & Erwin* and *F. M. Johnson*, for plaintiffs in error.

*Samuel H. Sibley* and *Q. L. Williford*, contra.

FISH, C. J   Mary L. Black, in her own right and as guardian for her children, Kathleen and Elizabeth B. Black, filed a petition for partition against J. A. Nolan and Mattie E. Nolan. John T. Wilcox and Dannie C. Doane were made parties to the proceeding. The question at issue was as to the interest that Eliza R. Swift had

in the land in controversy, under the will of her father, John D. Swift. The trial judge held that it was a one-seventh interest, and that petitioner and her two children, the descendants of Eliza R. Swift, were entitled to such one-seventh interest; whereupon petitioner, who claimed that the interest of Eliza R. Swift in the land in question was an undivided one-sixth, excepted.

The will of John D. Swift, who died in 1841, in so far as is here material, was as follows: "Item 1. It is my will that my wife, Mary Ann Swift, and my children, namely, Eudoxus S. Swift, Virginia A. Swift, John Augustin Swift, Eliza R. Swift, Caroline E. Swift, and Susan Young Swift, shall share an equal proportion of my estate, after my wife, Mary Ann Swift, and John A. Swift, Eliza R. Swift, Caroline E. Swift, and Susan Young Swift shall have a sufficient sum of money or property out of my estate to make them equal to the amount willed Eudoxus S. Swift and Virginia Ann Swift by their grandfather, Major John Floyd, deceased, after said property shall be appraised, left Eudoxus S. Swift and Virginia Ann Swift by John Floyd, deceased; it being my desire to place them all on an equality. Item 2. It is my will that my wife remain on the place of residence where I now reside, during her life or widowhood, and, in case she marries, for her to receive a child's part." The land mentioned in item 2 is that for which a partition was sought. The testator's widow, who never remarried, lived on the land until about 1848, and her tenants thereafter occupied it until 1852, when she conveyed all her interest in the land to William H. Brooks. She died in 1907. The respondents claim under Mary Ann Swift, the widow of the testator, and his children mentioned in the first item of the will, other than Eliza R. Swift. Mary L. Black and her children, as descendants of Eliza R. Swift, claim only the share of Eliza R. in the land, and respondents do not claim this share, nor any part of the same. So the question is, did Eliza R., under the will of her father, John D. Swift, take a one-sixth or a one-seventh interest in the land in question? The answer to that question depends upon what interest the will gave to the widow in this land. It is quite clear from the first item of the will that the intention of the testator was that his widow and his six named children should each have an equal share or interest in his whole estate, after the widow and four named children should each receive therefrom an amount

in money or property equal to that which each of the other two children had received from their grandfather's estate. Under this item, it was the evident purpose of the testator to dispose of the whole of his estate. The difficulty arises as to the proper construction of the second item of the will, in which there was an apparent departure from the scheme of exact equality between the widow and each of the children contained in the first item, as in the second item the widow was given the right to remain on the land in question during her life or widowhood. Construing the two items together, we are of opinion that the intention of the testator was to give to the widow and to each of his six children a one-seventh interest in his estate, including the land in question, the widow, however, being given the right to occupy such land during her life or widowhood; and in the event of her remarriage, then there was to be an immediate division of this land; and upon her death without having remarried, each of the testator's children was to take a one-seventh interest in this land, the other one-seventh interest being in the estate of the widow, or in her assignee in the event of its having been sold by her. We do not think that the second item created merely a life-estate in the widow, with remainder to the children. Remainder is not mentioned therein, nor is it therein provided what disposition should be made of the land upon the death of the widow. Nor do we think that the effect of the second item was to so take the land from under the operation of the first item as to make an intestacy as to the land, after the interest therein given to the widow should expire. The natural and reasonable presumption is, that, when so solemn and important an instrument as a will is executed, the testator intends to dispose of his whole estate, and does not intend to die intestate as to any part of his property, which presumption is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied. 30 Am. & Eng. Enc. L. 668. As already noted, it seems clear that the testator in this case intended to dispose of his whole estate.

The contention is made in behalf of the plaintiffs in error that several of the deeds under which defendants in error hold recognize the interest of each of the testator's children in the land as being a one-sixth, and that the deeds which placed the title in the defendants in error finally described their interest as a five-sixths

interest and the widow's life interest, and that "The recital in these deeds by the predecessors in title of the Nolans amounted to a disclaimer of all interest except one sixth, and this disclaimer binds all persons claiming under the deed." All of the deeds in the chain of title of defendants in error do not, however, treat the title in remainder as belonging to the six children only; and if the recitals in some of the deeds in such chain of title are any evidence at all of the true title of Eliza R. Swift, under whom plaintiffs in error claim, they are certainly not sufficient to overturn the will itself. If the immediate grantor of the defendants in error had a six-sevenths interest, instead of a five-sixths interest, in the land, and the difference between these two interests was not conveyed, it would remain in such grantor or his heirs at law, and would not revert to Eliza R. Swift, under whom plaintiffs in error claim. *Judgment affirmed. All the Justices concur.*