# MADIE P. TILLERSON et al. v. JULIA A. TAYLOR et al., Appellants.

### Division One, April 10, 1920.

1. **WILL: Devise in Fee or for Life: Omission of Words Heirs and Assigns.** Notwithstanding, by the express words of Section 579, Revised Statutes 1909, the words "heirs and assigns" or other words of limitation are not required in a devise of land in order to carry the fee, the statute imports that a devise, which otherwise would pass the fee, will have the effect of passing only an estate for life, if expressions are contained in the will which show the testator intended to give no greater estate than one for life, or if there is a devise over of the property after the death of the first taker.

2. ———: ———: **Devise During Widowhood.** Words in the clause by which the testator gave lands to his widow, "to have and to hold the same and enjoy during her widowhood" and "so long as she remains my widow," are apt expressions of an intention to pass only a life estate to the widow.

3. ———: ———: ———: **Fee Subject to Remarriage.** Repeated statements in the will that the estate was to go to the childless testator's collateral kindred in case of his wife's remarriage cannot be held to be a devise to her in fee, subject to be defeated in case of her remarrying, in view of language in the clause by which the gift is made plainly giving her only a life estate.

4. ———: ———: ———: **Intestacy: Devise Over.** A childless testator devised his property to his wife, "to have and to hold the same and enjoy during her widowhood or so long as she remains my widow. If she remarries or in the event of her remarrying again, I desire that all my property should be divided equally between my brothers and sisters and my wife and her brothers and sisters all sharing alike and equal with my wife," and then proceeded to name the brothers and sisters, "who are to share alike with my wife in the event of my wife remarrying." The two sisters of the wife so named died before the widow, who survived her husband twenty-nine years, and did not remarry, but by her will devised the property to her cousin. *Held,* first, that the will gave to the wife only a life estate; and, *second,* an intestacy in the husband in the remainder of the estate did not result, in case she did not marry again, but the devise over to the brothers and sisters in

case she remarried would have taken effect, as does also the devise to them upon her death without remarrying.

5. ————: Intestacy: Presumption. The presumption that a testator intended to dispose of his whole estate and to die intestate as to none of it, must give way, when the words of his will are inconsistent with a purpose to give more than a life estate; and all the stronger is the rule when the words used have always been treated as passing a life estate.

6. ————: Remarriage: Qualified Fee. Cases supporting the contention that a will which devises property to testator's widow gives her a qualified fee, defeasible upon her marriage, but otherwise absolute, the intention being to give the fee if there was no remarriage, are distinguishable from a case wherein the will devised the property to "my wife, to have and to hold the same and enjoy during her widowhood or so long as she remains my widow" and in case "she remarries I desire that all the property should be divided equally between my brothers and sisters and my wife and her brothers and sisters," for in such case only an estate for life, subject to be defeated by a marriage, passes to the widow.

Appeal from Macon Circuit Court.—*Hon. Vernon L. Drain*, Judge.

AFFIRMED.

*D. R. Hughes, John R. Hughes* and *C. F. Hale*, for appellants.

(1) The devise to Edna Montgomery is a qualified fee which became a fee simple title upon her death without remarriage. Sec. 579, R. S. 1909; Yocum v. Siler, 160 Mo. 281; Scott v. Murray, 218 Pa. St. 186; Vaughn v. Vaughn, 97 Va. 322; Rolley v. Rolley, 109 Va. 449. (2) There was no devise in this will to take effect after the death of the first devisee. The widow could only be divested of title by a remarriage. Sec. 579, R. S. 1909. (3) The intention of the testator must be ascertained by a consideration of the entire will, and, if necessary, the surroundings of the testator. Sec. 2870, R. S. 1909; Cross v. Hoch, 149 Mo. 336; Yocum v. Siler, 160 Mo. 281; Simmons v. Cabanne, 177 Mo. 336; Armor v. Frey, 226 Mo. 646; Grace v.

Perry, 197 Mo. 559; Underwood v. Cave, 176 Mo. 1; Brooks v. Brooks, 187 Mo. 576; Lockney v. Campbell, 189 S. W. 1174; Shumate v. Bailey, 110 Mo. 411. (4) The devise to the widow when all the terms of the will are considered is sufficient to convey a base, qualified or defeasible fee, subject only to be defeated by a remarriage, and the death of the widow without remarriage establishes a fee simple title. Sec. 579, R. S. 1909; Frey v. Thompson, 66 Ala. 287; Black v. Nolan, 132 Ga. 452; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Redding v. Rice, 171 Pa. 301; Rohabach v. Sanders, 212 Pa. 636; Scott v. Murray, 218 Pa. 186; Koble v. Bennett, 40 Pa. Sup. Ct. 79; Squier v. Harvey, 16 R. L. 226; Wright v. Wright, 16 U. C. Q. B. 184; Beatty v. Irwin, 35 Ind. App. 238; In re Deller, 6 Ont. L. Rep. 711; In re Mumby, 8 Ont. L. Rep. 283; Day v. Daveron, 12 Sim. 200.

*Ben Franklin* for respondents.

(1) "A devise of real estate to a widow to be held during her widowhood is a life estate, subject to being terminated by the marriage of the widow." Price v. Ewell, 151 N. W. 79; Brunk v. Brunk, 157 Iowa, 51; Sink v. Sink, 64 S. E. 193; Rubey v. Barnett, 12 Mo. 5. (2) A widow may take a life estate by necessary implication. Rubey v. Barnett, 12 Mo. 5; Gibson v. Gibson, 239 Mo. 500; DuBois v. VanValen, 61 N. J. Eq. 331. (3) Where a devise is to testator's wife "whilst she remains my widow," the estate created cannot be greater than a life estate. Rose v. Hale, 185 Ill. 378, 76 Am. St. Rep. 40; Knight v. Mahoney, 152 Mass. 532, 9 L. R. A. 572; Green v. Hewitt, 97 Ill. 113, 37 Am. Rep. 102.

GOODE, J.—Joseph Montgomery died testate in December, 1888, leaving surviving him his wife, Edna Montgomery, and four brothers and five sisters, but no children or other lineal descendants. The present action was instituted to partition lands of which he died

seized, among those of said brothers and sisters now living, and the heirs of those who previously had died.

The court found in its decree the respective interests of the collateral heirs, found also the lands were not susceptible of partition in kind, and ordered a sale of it to convey "all the title of the said Joseph Montgomery, deceased, and of his said heirs at law," etc. This judgment was entered July 10, 1917. On December 14, 1917, the court granted the defendant Julia A. Taylor leave to become a party defendant and file a separate answer. On the same day she filed an answer wherein she alleged she was the owner of all the land involved in the action and was at the time it was brought, and denied every other allegation in the plaintiffs' petition. She based her claim of title on the will of Joseph Montgomery and the will of his widow Edna Montgomery.

The material paragraphs of Joseph Montgomery's will are these:

"I order and direct as soon after my decease as practicable to pay off and discharge all the debts, dues and liabilities that may exist against me at the time of my decease. I give and bequeath unto my esteemed wife, Edna Montgomery, all my property, both real and personal that remains after my debts are paid, to have and to hold the same and enjoy during her widowhood or so long as she remains my widow.

"If she remarries or in the event of her remarrying again, I desire that all the property should be divided equally between my brothers and sisters and my wife and her brothers and sisters all sharing alike and equal with my wife. The names of my brothers and sisters that I desire shall share in the division in the event of my wife marrying again, are Henry C. H. Montgomery, William Montgomery, Francis M. Montgomery, George W. Montgomery, Jane Martin, Anne Millsaps, Lucinda Summers, Elizabeth Perry, Manerva Fisher. And the names of my wife's brothers and sisters who are to share alike with my wife and my brothers and sisters, in the event

of my wife remarrying, are Nancy Jane Drinkard and Samantha Ann Drinkard.''

Nancy Jane Drinkard and Samantha Ann Drinkard, who are mentioned in the foregoing paragraphs, died, as the court found, prior to the death of Edna Montgomery, who died in February, 1917, having survived her husband, Joseph Montgomery, twenty-nine years, and she had not remarried. She left a will wherein, after directing that her debts and funeral expenses be paid, she made specific bequests to two legatees and then this disposition of the remainder of her estate: ''To my cousin, Julia A. Taylor, I devise and bequeath all the remaining part of my estate, both real and personal.''

The defendant Julia A. Taylor asserts title to the land in controversy solely under that clause of the will of Edna Montgomery; and the question presented for decision is whether or not the will of Joseph Montgomery devised the land to Edna Montgomery, his widow, in fee simple, but subject to be defeated by her remarriage; in which event, as she never remarried, her will vested in Julia A. Taylor the title in fee; or whether, as the court below decided, her husband's will devised to Edna Montgomery only a life estate in the land, subject to be defeated at any time by her remarriage, and, of course, terminable by her death; in which event she held no devisable interest.

In support of the proposition that Joseph Montgomery's will passed to his widow Edna Montgomery the fee of the land, we are cited to the section of the statutes which reads as follows:

''In all devises of lands or other estate in this State, in which the words 'heirs and assigns,' or 'heirs and assigns forever,' are omitted, and no expressions are contained in such will whereby it shall appear that such devise was intended to convey an estate for life only, and no further devise be made of the devised premises, to take effect after the death of the devisee to whom the same shall be given, it shall be understood to be the intention of the testator thereby to devise an absolute

estate in the same, and shall convey an estate in fee
simple to the devisee, for all such devised premises.''
[R. S. 1909, sec. 579.]

It is doubtless true, since the enactment of that
statute, that the words ''heirs and assigns,'' or other
wordsof limitation, are not required in a devise of land
to carry the fee to the devisee. [Roth v. Rauschenbusch,
173 Mo. 582.] Yet the statute imports that a devise
which otherwise would pass the fee, will have the effect
of passing only an estate for life if expressions are con-
tained in the will which show the testator intended to
give no greater estate than one for life, or if there is a
devise over of the property after the death of the first
taker. [Armor v. Frey, 226 Mo. 646, 669, 670.] In the
will of Joseph Montgomery expressions were used which
show the intention of the testator was to vest the title
to the lands in his widow only during her widowhood.
The expressions ''to have and to hold the same and en-
joy during her widowhood,'' and, ''so long as she re-
mains my widow,'' occur in the clause wherein the gift
to her is made, as a definition of the quantity of the estate
given. Such a devise always has been held to pass only
an estate for life, and apter words for that purpose could
not be chosen. [2 Black, Commen. 121; Williams on
Real Property (17 Internat. Ed.), p. 142; 2 Minor's In-
stitutes, chap. 8, par. 2g.] Moreover, the estate given was
intended to last only ''so long as she remains my widow;''
only so long as Edna Montgomery remained the widow of
the testator. That expression, and also the one ''during
her widowhood,'' were apt words to make the life estate
one of limitation, which would terminate instantly upon
the remarriage of the widow, without entry or other as-
sertion of title by the remaindermen. [1 Washburn, Real
Property (6 Ed.), sec. 165, p. 79.]

In arguing that Joseph Montgomery intended to de-
vise his entire fee in the land to his wife, counsel for
defendant (appellant) draw attention to the childlessness
of the couple, which is asserted to have made his wife

282 Mo.—14

the sole subject of the testator's solicitude, and to dispose him to give his entire estate to her. Perhaps it could be argued with more force that, if there had been children, he would have been disposed to give her the fee, expecting the children to take after her, either by descent or by her will. The conclusion about this matter to be derived from the will is, that his wish was to provide for his widow as far as his total means permitted, throughout her widowhood, and if she remarried, to restrict her share in the estate to a coequal interest with his and her colateral kindred, whom, it is clear, he regarded as proper objects of his bounty.

The point is stressed that if Edna Montgomery was given no greater estate than one for life, an intestacy would result as to the remainder of the husband's estate, if she did not marry again, and as the law leans against intestacy, such an interpretation of the will is to be avoided. The law is not that an intestacy would hapen in the contingency stated; or to speak more precisely, it does not happen always if there is no second marriage. A devise over, like the one to the brothers and sisters of Joseph and Edna Montgomery in case she married, has been held to take effect at the death of the widow, as well as in the contingency named. [1 Jarman on Wills (6 Bigelow's Ed.), pp. 759, 760; Underhill v. Roden, 2 L. R. Ch. D. 496; Luxford v. Cheeke, 3 Lev. 125; Gordon v. Adolphus, 3 B. P. C. Toml. 306; Frey v. Thompson's Admr., 66 Ala. 287.] In applying or refusing to apply that rule, and every other affecting the interpretation of wills, the intention of the testator is sought in order to give effect to it, and slight differences of phraseology may determine the court to hold in one case the intention was for the remainder over to take effect *only* in the contingency of a second marriage, and in another case, that the intention was for it to take effect in that contingency or, if the widow remained single, at her death. [1 Jarman on Wills (6 Bigelow's Ed.), p. 777, note.]

The mention several times in the will of Joseph Montgomery of where the estate should go in case of the re-

marriage of his widow, is said to show she was given the fee, subject to be defeated by her remarrying. That circumstance might have weight in determining whether the limitation over could take effect at her death, as well as upon a second marriage; but has none, we think, in determining whether Joseph Montgomery's will gave her a life estate or a fee.

Indeed none of the foregoing considerations has weight; for the language of the devise plainly gave a life estate to the widow, and the other provisions are not inconsistent with the intention on the part of the testator to give that estate and no larger one. The presumption that a testator intended to dispose of his whole estate and to die intestate as to none of it, must give way, when the words of a will are inconsistent with a purpose to give more than a life estate; and all the stronger is the rule when the words used have always been treated as passing a life estate. [McCaffrey v. Manogue, 22 App. Cas. D. C. 385.]

In the brief for appellant a dozen cases are cited in support of the interpretation that Joseph Montgomery's will gave his widow a qualified fee, defeasible by her marriage, but otherwise absolute. These are distinguishable from the present case by the language of the devise to the first taker, or other provisions showing an intention to give the fee if there was no remarriage: Fidelity Trust Co. v. Bobloski, 228 Pa. St. 52; Redding v. Rice, 171 Pa. St. 301; Rohrbach v. Sanders, 212 Pa. St. 636; Scott v. Murray, 218 Pa. St. 186; Koble v. Bennett, 40 Pa. Sup. Ct. 79; Squier v. Harvey, 16 R. I. 226; Wright v. Wright, 16 U. C. Q. B. 184; Beatty v. Irwin, 35 Ind. App. 238; In re Deller, 6 Ont. L. Rep. 711; In re Mumby, 8 Ont. L. Rep. 283; Day v. Daveron, 12 Sim. 200. These two cases are not easy to distinguish; perhaps cannot be distinguished: Frey v. Thompson's Admr., 66 Ala. 287; Black v. Nolan, 132 Ga. 452. In our opinion the weight of decision and sound principles favor the view that only an estate for life, subject to be defeated by a marriage, passes to the widow by a devise like the one in hand. [1

Washburn on Real Property (6 Ed.), p. 103, sec. 222; Fuller v. Wilbur, 170 Mass. 506; Sink v. Sink, 150 N. C. 444; Price v. Ewell, 169 Iowa, 206; Matter of Schriever, 221 N. Y. 268.]

As stated, Julia A. Taylor claims solely under the will of Edna Montgomery, and by that will she took no title; so it is unnecessary to pass on the point of whether she should have been made a defendant.

The judgment is affirmed. All concur except *Woodson, J.,* absent.