Richmond.

KEMP v. McGUIRE AND OTHERS.

November 16, 1911.

Absent, Cardwell, J.

1. WILLS — *Construction* — *"Or" Construed as "And"* — *Defeasible Fee.*—Upon a devise to a daughter, but if she should die "without a husband or issue" the property is to go to other named devisees, the word "or" should be construed as "and," thus requiring the absence of both conditions to defeat the estate of the daughter. If she dies leaving both a husband and issue, or leaving issue and no husband, or a husband and no issue, in any one of these events she will take a fee simple estate. If she dies without a husband and without issue, then the property will go over under the will to the other named devisees.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for the complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Edward C. Martz,* for the appellant.

No appearance for the appellees.

KEITH, P., delivered the opinion of the court.

This suit was brought by Edward McGuire and others, judgment creditors of Lula V. Kemp, who before her marriage was Lula V. Miller, to subject certain real estate to the payment of her debts. Lula V. Kemp takes title to the

property in question under the will of her mother, Sarah J. Miller, which the circuit court held was an estate in fee, liable to be divested at her death upon certain conditions. From that decree this appeal was allowed.

The will is as follows: "This is to certify that I, Sarah J. Miller, the wife of Thomas H. Miller, do will and bequeath to my husband, Thomas H. Miller, all of my real estate and personal property to have and to hold during his lifetime, and at his decease said property to go to our daughter, Lula V. Miller.

(2) Should Lula V. Miller decease before her father's death I bequeath all that may be left after her father's death to my brother Wm. Lambert, my sister Laura V. Dinkle and Eliza Lambert, or in case of their death to their children.

(3) In case my daughter, Lula V. Miller, should outlive her father and die without a husband or issue, then the property to go as above stated."

Lula V. Miller survived her father, Thomas H. Miller, and therefore the bequest to him conditioned upon his surviving his daughter fails, and Thomas H. Miller disappears from the case. The question to be decided is the effect of the language in the third clause of the will: "In case my daughter, Lula V. Miller, should outlive her father and die without a husband or issue, then the property to go as above stated." She has survived her father and that condition is fulfilled.

The decision of the circuit court was, that "Lula V. Kemp has an estate in fee in the house and lot of land mentioned and described in these proceedings, liable, however, to be divested upon her dying without a husband or issue living at the time of her death; and should she so die without a husband or issue surviving, then said house and lot is to vest in fee in the remaindermen named in said will."

The appellant contends that the word "or" should be con-

strued as "and," relying upon *Goldsboro* v. *Washington, ante,* p. 104, 70 S. E. 525; that Lula V. Miller must die without a husband and without issue in order to defeat her estate; and that as she has a husband, although he may predecease her, she cannot be said to have died without a husband, relying upon the decision of this court in *Jennings* v. *Commonwealth,* 109 Va. 821, 63 S. E. 1080, 132 Am. St. Rep. 946, 21 L. R. A. (N. S.) 265, where it was held, that a woman who has been married and divorced is not an "unmarried female" within the intendment of section 3677 of the Code providing punishment for the seduction of any unmarried female of previous chaste character. But that case we do not think by any means conclusive of this. While in a criminal prosecution the court was justified under the authorities, in holding that the terms of a penal statute were not to be extended, and that the phrase "unmarried female," as used in the statute, had reference to one who had never been married, the language of this will is altogether different. A woman who has married and whose husband has died is without doubt a woman "without a husband"; but she may die without a husband and still have issue of her marriage living at her death, and it cannot be supposed that the testatrix intended to defeat the estate of her daughter because she died without a husband, though issue of the marriage were living.

We think, therefore, that the phrase should be construed as though the testatrix had said, "die without a husband *and* issue," thus requiring the absence of both conditions to defeat the estate of her daughter. Lula V. Miller may die without a husband and without living issue, in which event the property would go under the will "as above stated," that is to say, to the brother and sisters of the testatrix; or she may die leaving a husband and issue, in which case all the conditions of her title are fulfilled and she takes a fee simple; or she may die leaving issue, in

which case she would also take a fee simple; or she may die leaving a husband, without issue, and in that case also she would take a fee simple.

It will be observed that in the first clause of the will the husband of the testatrix and father of Lula V. Miller is given a life estate, and if he survived his daughter his life estate, of course, under the first clause of the will, would still continue, and only that which was left after his death would pass to the brother and sisters of the testatrix; and it might well be urged, under those conditions, that he took a fee simple; but as he predeceased his daughter, that inquiry need not be pressed. The objects of the bounty of the testatrix were her husband, to whom she gave a life estate, her daughter, who took a conditional fee if she survived her father, with a conditional remainder to the brother and sisters of the testatrix. Now by the terms of the third clause of the will exactly the same situation may arise as to the estate given the daughter which confronted the testatrix when she came to make a will. If the daughter has a husband living at the time of her death, or issue living at the time of her death, she takes a fee simple, which upon her death without a will would pass to her heirs, or if she saw fit and her husband survived her he might become the beneficiary of her will, just as the father and husband might have taken in the will under consideration.

We are, therefore, of opinion that the appellant took an estate in fee under her mother's will, liable to be divested upon her dying without a husband or issue living; in other words, it requires the absence or failure of presence of both conditions, a husband and issue, to defeat the estate; and if at the time of her death she has a living husband or issue, one or both, her estate becomes an absolute fee simple.

The decree of the circuit court must be affirmed.

*Affirmed.*