## Hults *v.* Holzbach, Appellant.

*Will—Estate in fee simple—Estate for life—Defeasible fee.*

Testator in his will directed as follows: "I will and bequeath to my wife all my real and personal estate, including my household and kitchen furniture, so long as she remains my widow.  In case my wife should marry again she is to have all that is in the house, two cows and two thousand dollars, and the balance of my real and personal estate, in case my wife should remarry, is to go to my six sisters," naming them.   The widow died without having remarried.  *Held*, that the widow took a defeasible fee, which upon her dying without remarrying became a fee simple absolute.

Submitted Oct. 4, 1911.   Appeal, No. 54, Oct. T., 1911, by defendant, from judgment of C. P  Mercer Co., April Term, 1910, No. 37, for plaintiff on case stated in suit of Leonard G. Hults, Executor of Elizabeth Mizner, deceased, v. R. F. Holzbach.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff on case stated.

*W. ·G. Barker,* for appellant.

*W. W. Moore* and *B. Magoffin,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

In the third paragraph of his will John Mizner provided as follows: "I will and bequeath to my wife Elizabeth Mizner all my real and personal estate, including my household and kitchen furniture, so long as she remains my widow. In case my wife, Elizabeth, should marry again she is to have all that is in the house, two cows and two thousand dollars, and the balance of my real and personal estate, in case my wife, Elizabeth, should remarry, is to go to my six sisters," (naming them). It appears from the record that the widow did not remarry, and died in possession of the real estate which was devised to her under the above provision of her husband's will. The question here presented is as to the character of the estate which she took. Counsel for appellant contended that it was only an estate for life. In construing the will, the court below held that the testator intended the widow to take a defeasible fee, which could be defeated only by her remarriage. As this did not occur the title became absolute upon her death. This conclusion was clearly in line with the decision in Fidelity Trust Co. v. Bobloski, 228 Pa. 52, and other cases there cited.

We see nothing in the will to justify an inference that the testator intended his wife to have merely a life estate. He clearly directed that she should have the whole estate, both real and personal, so long as she remained his widow. In case of her remarriage she was to have but a portion of the personal estate, and the remainder of his estate, both real and personal, was to go to his sisters without any

limitations. But there was no suggestion of a devise over of the whole estate, after the death of the widow, in case she did not remarry. Therefore, as the facts now stand, if the fee was not in the widow, the result would be an intestacy. The devise was of the property itself, which vested immediately, and in fee, to be divested only in case of remarriage, and this event did not occur. Since the Act of April 8, 1833, P. L. 249, words of inheritance are not necessary in a devise of real estate, in order to pass the whole estate. We are satisfied that this case falls within the principle of the decisions in Rohrbach v. Sanders, 212 Pa. 636; Redding v. Rice, 171 Pa. 301, and Koble v. Bennett, 40 Pa. Superior Ct. 79. The estate granted was a determinable fee, limited to the widow, until the happening of a future event, her remarriage, which might never occur. As in fact the contingency which alone could terminate the estate never did happen, the qualification annexed to the grant was met, and the estate became a fee simple absolute.

The judgment is affirmed.