No. 27,666.

MABEL NETTIE JAMESON et al., *Appellants,* v. LIZZIE CRAMMER BEST et al., *Appellees.*

(261 Pac. 582.)

SYLLABUS BY THE COURT.

WILLS—*Construction—Words Creating Life Estate With Absence of Remainder Over.* Applying the principles of law used in the interpretation of wills and considering all the language of the will under consideration, the material parts of which are set out in the opinion, it is held that the will vested the entire property of the testator in the devisees therein named, and that there was no property left undisposed of by it.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed December 10, 1927. Affirmed.

*Nelson J. Ward,* of Belleville, for the appellants.
*W. D. Vance* and *R. E. McTaggart,* both of Belleville, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to have the will of Edmund C. Crammer construed. As heirs of Edmund C. Crammer they claim to be part owners of property not disposed of by his will. Judgment was rendered in favor of the defendants on the pleadings, and the plaintiffs appeal.

The material parts of the will were as follows:

"Know all men by these presents, that I, Edmund C. Crammer, of Narka, in the county of Republic, in the state of Kansas, being in good health and of sound and disposing mind and memory, do make and publish this my last will

---

Wills, 40 Cyc. pp. 1057 n. 3, 1386 n. 85, 1392 n. 11, 1400 n. 54 n. 56, 1409 n. 4, 1571 n. 3, 1624 n. 87; 28 R. C. L. 229.

and testament, hereby revoking all former wills by me made, and as to my worldly estate and all the property real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in the manner following, to-wit:

"1st. My will is that all of my just debts and funeral expenses shall, by my executor hereinafter named, be paid out of my estate, as soon after my decease as shall be found convenient.

"2d. Of the rest and residue of my estate, real, personal and mixed, of which I shall die seized and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to the following, to be divided to and among them as follows, to wit: Lizzie Crammer Best, my daughter, a one-half ($\frac{1}{2}$) interest; Ella Huff, a four-tenths ($\frac{4}{10}$) interest, and Grace Crammer, my granddaughter, a one-tenth ($\frac{1}{10}$) interest. To have and to hold the same, for and during their natural lives, subject to the following terms and conditions: My will is that Grace Crammer, my granddaughter, shall not have or come into full possession of her one-tenth ($\frac{1}{10}$) interest until she becomes of legal age, and that the said interest shall be handled by some competent and able guardian to be appointed by the probate court until she attains such legal age, when the same may be turned over to her to be used as she may see fit and proper. It is my desire that the said one-tenth ($\frac{1}{10}$) be invested in interest-bearing bonds or mortgages and that the whole amount, less guardian expenses, be turned over to her when she attains said legal age. It is also my will that if either my granddaughter, Grace Crammer, or Ella Huff should precede me in death, their interest in my property as stated above shall revert to my daughter, Lizzie Crammer Best, and they nor their heirs shall have no interest whatever in my property as stated above. I also wish to state that my son, Joseph H. Crammer, of Johnston, Colo., has received a full and complete settlement from me that constitutes his share in my property, and he and his family have been amply provided for by me prior to this time, and it is my will that he shall not participate in the final division of my property. I wish to further state that Ella Huff, above mentioned, has been kind and faithful to me and my beloved wife, Hannah B. Crammer, who has preceded me in death, during the time we were together on earth, and I desire to reward her as above stated."

The plaintiffs, Mabel Nettie Jameson, Grace Vera Reed, Ralph E. Crammer, Adrian J. Crammer, Charles R. Crammer, are children of Joseph H. Crammer and grandchildren of Edmund C. Crammer. Lizzie Crammer Best is a child of Edmund C. Crammer. The relationship of Ella Huff to Edmund C. Crammer is not disclosed except as stated in the will.

The question presented is, Did the will dispose of the entire interest of Edmund C. Crammer in the property therein described? The plaintiffs contend that the will gave to Lizzie Crammer Best, a one-half interest for her life; to Ella Huff, a four-tenths interest,

for her life; and to Grace Crammer, a one-tenth interest for her life, but did not dispose of the interest remaining after their deaths. The defendants contend that the will gave the property in fee to the persons named in the proportions set out.

Certain principles of law should be stated before the discussion of the will is attempted.

Section 22-258 of the Revised Statutes reads:

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate."

In *In re Brown*, 119 Kan. 402, 239 Pac. 747, the court said:

"In interpreting the language of a will, the law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given."

In *Hawkins v. Hansen*, 92 Kan. 73, 139 Pac. 1022, the court said:

"The rules of construction applied to wills by this court in numerous cases recognize that each will must be construed by its own terms, and that where there is any ambiguity in the language the court must, as far as possible, put itself in the position of the testator, taking into consideration all the circumstances under which the will was executed, the condition of the testator's family and his estate, and from all the facts and circumstances find what his intention was."

In *Brown v. Brown*, 101 Kan. 335, 166 Pac. 499, the court declared that—

"A rule for the interpretation of wills, to which all other rules are subordinate, is that the intention of the testator, as gathered from all parts of the will, is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator."

Edmund C. Crammer had the right to exclude his son, Joseph H. Crammer, and his family from any beneficial interest in the property of the testator. Joseph H. Crammer died before Edmund C. Crammer. For that reason, he could not have taken any interest in the property, but his children became heirs at law of Edmund C. Crammer. The will specifically excluded Joseph H. Crammer from any interest in the property and in that exclusion recited that "he [Joseph H. Crammer] and his family have been amply provided for by me [the testator] prior to this time." That language indicates that Edmund C. Crammer intended to exclude not only Joseph H. Crammer, but also all the members of his family.

In the opening statement of the will the testator says that he makes and publishes this his last will and testament "as to my worldly estate and all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease." The will then gives to Lizzie Crammer Best, to Ella Huff, and to Grace Crammer, certain interests in the property, and then says "to have and to hold the same, for and during their natural lives, subject to the following terms and conditions." The terms and conditions which follow concern the management of the property devised to Grace Crammer (Grace Vera Reed) until she attains legal age, when "the same may be turned over to her to be used as she may see fit and proper"; in other words, in fee.

The will then provides that if Grace Crammer or Ella Huff shall precede the testator in death, their interest in the property shall revert to his daughter, Lizzie Crammer Best, without restriction, and their heirs shall be excluded from any interest therein. The will gives to Lizzie Crammer Best and Ella Huff the same character of estate in the property as that given to Grace Crammer; that is, the fee.

After the devises to Lizzie Crammer Best, Ella Huff and Grace Crammer, follows the language excluding the son, Joseph H. Crammer, and his family from participation in the estate of the testator. The language, "to have and to hold the same, for and during their natural lives," seems to imply that the testator realized that the devises named could not take the property with them on their demise. If we apply the principles heretofore declared in this state concerning the interpretation of wills and consider the language of the whole will in controversy, the reasonable interpretation of it is that the property devised should go to the three devisees named in fee, and that the will excluded Joseph H. Crammer and his family from any participation whatever in the property of the testator.

The plaintiffs rely on the principle declared in 28 R. C. L. 229, 230, as follows:

"The heirs of a testator are favored by the policy of the law and cannot be disinherited upon mere conjecture, and when the testator intends to disinherit them he must indicate that intention clearly, either by express words or by necessary implication. . . . A necessary implication is one which results from so strong a probability of intention that an intention contrary to that imputed to the testator cannot be supposed . . . Instead the law favors that construction of a will which conforms most nearly to the general law of inheritance. Accordingly if a will is capable of two constructions, one of which

will exclude the issue of a deceased child, and the other permit such issue to participate in a remainder limited upon a life estate given to the ancestor, the latter construction is to be adopted."

The plaintiffs also cite other authorities to support their contention.

The principle on which they rely is modified by another principle stated in 40 Cyc. 1624, as follows:

"The absence of a limitation over may indicate that the first taker is to have an absolute estate, although his estate is expressly limited for life; but not where a life estate is clearly intended."

To the same effect is 28 R. C. L. 238.

Applying the principle contended for by the plaintiffs, modified as it must be by the other principle quoted, the same conclusion must be reached in the interpretation of the will as is compelled by an obedience to the declarations of this court.

The judgment is affirmed.

JOHNSTON, C. J., and HARVEY, J., dissenting.