# 𝔖taunton

## THE PEOPLES NATIONAL BANK OF BEDFORD, ET AL. V. WARREN A. CRICKENBERGER, ET ALS.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Chinn, JJ.

The opinion states the case.

*I. P. Whitehead, Landon Lowry* and *William Beasley,* for the appellants.

*O. C. Rucker,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The decision in this cause depends upon the proper construction of the will of J. H. Crickenberger. The testator died March 6, 1916, and his will, dated June 26, 1903, was duly probated on April 11, 1916. The will is as follows:

"In the name of God Amen:

"I, J. H. Crickenberger, being in sound health of body, and of disposing mind and memory do make this my last will and testament, hereby revoking all former wills by me at any time made I bequeath and give to my beloved wife Lula S. Crickenberger all of my estate both real and personal during her natural life, and at her death I direct that the whole of my estate both real and personal go to our son Warren A. Crickenberger. Should Warren A. Crickenberger die without heirs then I direct that Charles A. Damron have (175.00) one hundred and seventy five dollars and the remaining property both real and personal be equally divided between my surviving children or their heirs, and I hereby appoint Jno. A. Stewart the executor of this my last will. In witness whereof I have hereunto set my hand this 26th day of June, 1903.

"J. H. CRICKENBERGER."

When the testator executed his will he had, in addition to Warren Crickenberger who was then a youth twelve years of age, other children by a former marriage, all of whom are now living. When he died, Mrs. Lula S. Crickenberger was living and Warren was married and had three living children.

The Charles S. Damron mentioned in the will is at the present time sixty-three years of age and was an intimate friend of the testator but not related to him by blood or marriage.

In February, 1925, Mrs. Lula S. Crickenberger departed this life, and thereupon Warren A. Crickenberger entered into possession of the real and personal property devised and bequeathed by the will.

On May 26, 1927, The Federal Land Bank of Baltimore lent to Warren A. Crickenberger the sum of $2,000, and to secure the debt Crickenberger and his wife executed a deed of trust on the real estate devised by the will.

On October 21, 1930, The Peoples National Bank of Bedford recovered a judgment of $200 against Warren A. Crickenberger, which was duly docketed, and at the November rules, 1930, instituted suit to subject Crickenberger's equity of redemption in the real estate to the payment of the judgment. The Federal Land Bank was made a party defendant to the suit and filed its answer refusing to give its consent to a renting or sale of the real estate free of and discharged of the deed of trust, and demanded that the land be decreed to be sold subject to the deed of trust which had not matured when the suit was brought.

No answer was filed by Warren A. Crickenberger and it appearing that the land would not rent for a sufficient sum to discharge the debt of the Bank of Bedford, a decree was entered directing the real estate to be sold for cash sufficient to pay the costs of suit and sale and the interest past due on the Federal Land Bank debt, and requiring the purchaser to assume the payment of the debt secured by the deed of trust according to the terms thereof. After comply-

ing with the terms of the decree, Landon Lowry, the commissioner of sale, offered the land for sale at public auction and M. H. Kent became the purchaser at the price of $3,250.

The commissioner duly reported his compliance with the terms of the decree and recommended a confirmation of the sale to Kent. Before confirmation of the commissioner's report of sale, Kent filed exceptions thereto and opposed confirmation thereof, on the ground that Warren A. Crickenberger was not the fee simple owner of the real estate upon a proper construction of the will of J. H. Crickenberger, and that he (Kent) could not obtain a clear title to the real estate. The court sustained Kent's exceptions, and by decree refused to confirm the sale. From that decree this appeal was allowed.

It is argued by counsel for appellants that by the first sentence of the will Warren A. Crickenberger acquired a vested remainder, absolutely as to the personal property, and in fee as to the realty; and the subsequent limitation over in the event of the death of Warren "without heirs" is inoperative to affect his title.

The contention of appellee is that when read in the light of section 5151 of the Code of Virginia, Warren A. Crickenberger did not hold such title to the real estate devised by his father as to enable him to convey a fee simple title.

Section 5151 of the Code reads as follows: "Every limitation in any deed or will contingent upon the dying of any person without heirs, or heirs of the body, or issue, or issue of the body, or children, or offspring or descendant, or other relative, shall be construed a limitation to take effect when such person shall die not having such heir or issue, or child, or offspring, or descendant, or other relative, as the case may be, living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise plainly declared on the face of the deed or will creating it."

No Virginia cases are cited by appellants which are directly in point, but the following authorities are relied upon: 40 Cyc., p. 1505; *Harder* v. *Matthews*, 309 Ill. 548, 141 N. E. 442; *Smith* v. *Dugger*, 310 Ill. 624, 142 N. E. 243. The authorities cited deal with the general doctrine applicable to the construction of wills but none of them deal with a statutory provision such as we are called upon to deal with.

In disposing of his estate J. H. Crickenberger devises to his wife all of his estate both real and personal during her life, and directs that at her death the whole of his estate shall "go to our son Warren A. Crickenberger." However, the testator does not stop here, but in a new sentence he further provides that "should Warren A. Crickenberger die without heirs then I direct that Charles A. Damron have (175.00) one hundred and seventy five dollars and the remaining property both real and personal be equally divided between my surviving children or their heirs * * *."

Under the provisions of section 5151 it is immaterial whether the testator meant heirs, or issue, or children; the language employed refers, in any event, to the death of Warren, and is devoid of ambiguity.

It is manifest from reading section 5151 that it was the legislative intent that every limitation in a deed or will contingent upon the dying of any person without heirs, etc., should be construed to be a limitation to take effect when such person shall die not having such heirs, etc. While it is true that Warren A. Crickenberger now has living children, it is impossible to ascertain whether or not at his death he will leave children surviving him. Only in the event that he leaves children surviving him will the defeasible fee to the real estate which passed to him under the will become an indefeasible fee. There is no question that whatever interest Warren A. Crickenberger has in the real estate is subject to the mortgage and the claim of the creditor, but the court will not compel an innocent purchaser

at a judicial sale to accept any other than a title in fee simple.

We find no error in the decree of the lower court, and it is affirmed.

*Affirmed.*