No. 31,759

HELEN M. WATROUS, *Appellee*, v. M. A. LIMBOCKER, as Executor of the Estate of Lydia R. Dickinson, Deceased, THE FIRST CHURCH OF CHRIST (CONGREGATIONAL) OF BURLINGTON, *Appellees;* THE KANSAS CONGREGATIONAL AND CHRISTIAN CONFERENCE, *Appellant.*

(33 P. 2d 938.)

Opinion filed July 7, 1934.

*Roscoe W. Graves,* of Emporia, for the appellant.

*Joe Rolston,* of Burlington, for appellee Helen M. Watrous; *Joe Rolston, Jr.,* of Burlington, for appellee The First Church of Christ (Congregational), Burlington.

The opinion of the court was delivered by

BURCH, J.: The action was one by a residuary devisee against the executor and certain devisees, to obtain interpretation of a will.

The will was that of Lydia R. Dickinson, a resident of Burlington, who died on June 20, 1933, at the age of ninety-two years. She was a widow, and was childless. Her sister, Helen M. Watrous, the plaintiff, was her only heir. She left personal property of the value of $5,000, and real estate, all of which was improved at the time of her death, of the value of $15,250. The controversy related to devise of real estate by the fifth, sixth and seventh paragraphs of the will. Plaintiff contended the devise was void as contravening the rule against perpetuities, and she took the real estate as residuary devisee. The district court so held. The paragraphs of the will to be considered read:

"Fifth. Being mindful of the fact that my deceased husband, David Grimes, was a charter member of what was commonly known as the Congregational

Church of Burlington, Kan., a faithful attendant and supporter of said church during his lifetime; and that I have been a member of said church since the year 1869; and being very solicitous of its welfare and desirous of continuing my support of said church during its existence and to be a contributing member after my decease: I give, devise and bequeath to the First Church of Christ (Congregational) of Burlington, Kan., all real estate of which I may die seized and possessed of, or to which I may be entitled, and all furniture, fixtures, rugs and carpets in my residence in Burlington, Kan., subject to section 4 above, and this bequest, however, is made subject to sections 6 and 7 hereafter, and to the following conditions, viz.: My well-beloved sister, Helen M. Watrous, shall have privilege of occupancy, without charge, of the east ten (10) feet of lot twelve (12) and all of lots thirteen (13) and fourteen (14), in block seventy-two (72), in the city of Burlington, Kan., with appurtenances, during her lifetime, for her exclusive use and control, to occupy, rent or lease at her pleasure, and receive any income there may be from said property; and further, the trustees of said church shall collect all income from all my said real estate, and out of said income and rent shall be deducted: First, ten per cent (10%) of amount collected to be retained by said church as my annual contribution to the support of said church; second, to pay all taxes and assessments that may be levied and be due against all real estate of which I die seized and possessed; third, all improvements shall be kept reasonably insured and paid for; fourth, pay the cost of necessary repairs to care for said property; and after such deductions are made the remainder of the income shall be paid to my beloved sister, Helen M. Watrous, as long as she shall live; such payments of remainder to be made her from time to time, but at periods of not exceeding six months.

"Sixth. By section 5 hereof I have devised and bequeathed to the First Church of Christ (Congregational), of Burlington, Kan., all of my real estate; it is my will and wish that said church shall not bargain, sell or convey at any time any of said real estate which is improved with buildings at time of my decease, and by this will said church has no power at any time to bargain, sell or convey any improved real estate of which I die seized and possessed; but the said church shall have power and authority to bargain, sell, convey or encumber any unimproved real estate of which I die seized and possessed, and retain for their sole use any consideration received; and further, after the decease of my said sister, and only after the decease of my said sister, said church shall have power and authority to encumber any of my said real estate, improved at the time of my decease, but only that such power is granted on condition that funds derived from such encumbrance shall be used in improvements on property so encumbered; and further, that after the decease of my said sister, Helen M. Watrous, said church shall place in the church a suitable tablet, or other memorial, to the memory of my deceased husband, David Grimes, and myself, designating our early and long continued connection with said church, and the perpetual support we so gladly contribute.

"Seventh. It is my further will and wish that in devising and bequeathing said real estate set forth in section 5 above that said devisee shall only have the use, benefit, control and income, as provided in sections 5 and 6 hereof, from said real estate during the organized and functioning existence of said

church, and at such time as said church may disorganize or cease to function, by having no hired pastor for a period of twelve consecutive months, then, upon said disorganization or ceasing to function, as aforesaid, I give, devise and bequeath to the Kansas Congregational Conference, if in existence, all of my said real estate, and if said Conference is not in existence at said time, then I give, devise and bequeath to the Congregational Home Missionary Society of New York, or their successors, all of my said real estate.

. . . . . . . . . . . . . . .

"Twelfth. I give, devise and bequeath to my beloved sister, Helen M. Watrous, all the rest, residue and remainder of my estate, not otherwise provided for herein."

Testimony was admitted, and was then stricken out, that when the testatrix died the church had been without a pastor for two years. Admissibility of the testimony is debated. It was not important whether the testimony was in or out. The will spoke from date of death of the testatrix. The testimony disclosed the pastorate was then vacant. That did not prevent the devise from taking effect; but the church could not hold the real estate longer than twelve months unless within that period it had a hired pastor.

Wills are no longer interpreted by the mechanical method of order of provisions, and the intention of a testator is to be ascertained by considering the whole of his will. Thus paragraph six, which under the old law might have been regarded as a restraint on alienation, void as cutting down the devise in the first part of paragraph five, is a definition of quantity of estate devised by the will. Paragraph seven performs the same function. Besides that, paragraph five, containing the absolute devise, expressly provided the devise was subject to paragraphs six and seven.

The will gave to Helen Watrous specified lots, to use, control, occupy, rent, or lease, and to receive the income, for the period of her life. That was a diminution of the apparently absolute estate devised in the first part of paragraph five, to continue while Helen lives.

Paragraph six further diminished the apparently absolute estate devised in the first part of paragraph five by withholding power to bargain, sell and convey. Power to encumber was also restricted, both with respect to time and purpose.

Paragraph seven further restricted the apparently absolute estate devised in the first part of paragraph five, to use, benefit, control and income, income to be disposed of as provided in paragraph five.

The result of the foregoing is that, so far as the will has been considered, the real estate itself was not disposed of to anybody. A

contingent disposition was made in paragraph seven, to the Kansas Congregational Conference, if in existence, and if not, to the Congregational Home Missionary Society of New York. This disposition could become effective only if the beneficiary named in the first part of paragraph five should become disorganized, or cease to function by having no hired pastor for twelve consecutive months. Speaking from date of death of the testatrix, this might occur within twelve months, or within twenty-five years, or never. Therefore, there was no devise of the real estate to become effective within the period contemplated by the rule against perpetuities.

The church was incorporated. It was a religious corporation, and by virtue of section 3 of article 12 of the constitution, title to all its property vested in its trustees, who are managers of its secular affairs. No trust relating to the real estate was created by the will, and no devise was made to public charity. A question relating to taxation of costs and attorney fees does not appear to have been raised in the district court.

Since the disposition of real estate by paragraphs five, six and seven of the will was ineffective, the real estate was devised to Helen Watrous by the residuary paragraph.

The judgment of the district court is affirmed.