## Gohn's Estate.

Argued September 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Clarence L. Shaver,* with him *Daryle R. Heckman,* of *Shaver & Heckman,* for appellant.

*Charles F. Uhl, Thomas F. Lansberry, Charles H. Ealy* and *Simon K. Uhl,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 23, 1936:

The County Trust Company, a judgment creditor of Lizzie Keturah Trent and Wilson H. Trent, her husband, brought this proceeding to determine whether she took a fee simple in certain real property under the will of her father, Harrison Gohn. By it there was given "to my daughter Lizzie Keturah intermarried with Wilson H. Trent, the property at present occupied· by her and . . . the mortgage of twelve hundred dollars . . . against her said husband Wilson H. Trent and herself," together with a certain sum charged upon his coal lands. Testator then provided: "Also: in the event of the death of my daughter Lizzie Keturah before the death

of her husband Wilson H. Trent I direct that the property I have devised and bequeathed to her to revert to my two daughters . . . or their heirs, share and share alike." Lizzie Keturah, testator's daughter, survived him but predeceased her husband, who died after the institution of the present proceedings. The lower court decreed that the interest which Lizzie Keturah had in the estate of her parent was conditioned upon her surviving the husband and that, having predeceased him, it became vested in testator's other daughters. This appeal followed.

The case was argued here and apparently in the court below on the theory that the gift over to testator's daughters was an illegal attempt to control the course of descent of a fee simple.

The language employed by testator in making the gift to Lizzie Keturah without more was sufficient to devise to her a fee. The Act of June 7, 1917, P. L. 403, Section 12, is decisive of this question. It is appellant's contention that the clause in the will which provides for a gift over on the contingency of the daughter predeceasing her husband is repugnant to the earlier clause and void because, appellant argues, it shows an intent to control the course of descent of the fee on her death. This court has often held that a devise of a fee cannot be stripped of its legal attributes. In *Byrne's Estate*, 320 Pa. 513, 515, all the cases involving this point were carefully considered. But, upon analysis, none of them will be found in any way controlling. The wills in those cases did not impose a condition upon the devise which was to terminate the fee upon its occurrence, but provided solely as to whom it should go upon the death of the fee holder or attempted to control the devisee's ability to alienate the fee. In the instant case the testator provided a condition on which the fee was to terminate. It is well established that a fee, like other estates, may be made defeasible upon certain conditions. See Page on Wills, (2d Ed.), Section 961.

180

This testator, having set up a condition which was to terminate the estate, provided as to its disposition thereafter. Had the daughter survived her husband, the possibility of the condition occurring having been terminated, her estate would have been absolute. See *McCall v. Umbenhauer,* 270 Pa. 351; *Hults v. Holzbach,* 233 Pa. 367; *Redding v. Rice,* 171 Pa. 301, 306. Where the preceding estate is a fee, a limitation over upon a prescribed condition which defeats the prior estate is an executory devise and not a remainder. "That a fee simple may by executory devise be limited after a fee simple, vested or contingent, is well established": *Jessup v. Smuck,* 16 Pa. 327. Testator's intention, which must control, was to pass a fee conditioned on the first taker surviving her husband. To construe the will as appellant would have us do would make impossible estates devised on condition.

Decree affirmed at appellant's cost.