No. 34,613

RACHEL PUMROY and LUCILE WARD, *Appellants*, v. MAUDE JENKINS, *Appellee.*

(99 P. 2d 752)

Opinion filed March 9, 1940.

*Arthur H. Snyder,* of Hutchinson, and *Arthur R. Gates,* of St. John, for the appellants.

*Drew Hartnett,* of Stafford, and *William F. Hazen,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HOCH, J.: We are asked to construe a will. Plaintiffs contend that the widow received only a life estate subject to conversion into a fee simple as to one-half of the property with remainder to the three children of the testator in the event of her remarriage. The widow, defendant, contends that she received a fee-simple title, subject to being divested entirely as to one-half upon her remarriage. The defendant, who had not remarried, prevailed, and plaintiffs appeal.

Thomas R. Jenkins, of Stafford county, died testate on June 30, 1927. The provisions of his will here in controversy read as follows:

"To my wife, I give and bequeath all my property both personal and real, as long as she remains my widow, should she marry again, then in this event, she is to receive only one-half of the property both personal and real, the balance to be divided equally between my children and it is my wish that they share and share alike. (There follows description of real estate of which the testator was then possessed.)

"It is my wish that all my just debts be paid immediately after my death, including doctor bills and funeral expenses, the residue to go to my wife Maude Jenkins as above mentioned. ————. And I do devise and bequeath all the rest and residue of my estate, both real, personal and mixed, to ————," etc.

(The blank lines are upon the printed form and were not used by the testator.)

After the widow had been in possession of the property about twelve years two of the children brought action for appointment of a receiver, alleging that their mother was wasting the estate, had permitted the taxes for three years to go unpaid, and asking for construction of the will. The widow and a third child, a minor, were made defendants. The holder of a mortgage was also made a defendant, but he is not involved in the present issue. The answer of the widow alleged that she was the owner in fee simple and in possession of all of the testator's property and by cross petition she also asked the court to construe the will and prayed that she be declared the owner in fee simple, for costs, etc. The trial court held that the will gave the widow a determinable fee simple which would be terminated as to one-half of the property in the event of her remarriage

and that the three children had no present estate in the property. Motion for a new trial was made and overruled, from which order as well as from the judgment, the plaintiffs appeal.

Before proceeding to the main question we consider appellants' contention that the court erred in refusing to receive certain evidence offered by them. This consisted in the main of testimony concerning conversations said to have been had with the testator, and offered for the purpose of showing that he intended to give his wife a life estate and to care for his children upon her death. Also, certain statements by the widow were offered indicating a like understanding. The proffered testimony was offered for the announced purpose of clarifying the "ambiguity" in the will. Appellants say that this court has never passed upon the precise question here presented, that there are two conflicting lines of decisions on the question and that this fact creates an "ambiguity" which entitles them to use parol evidence to show the testator's intention. The argument is not persuasive. The fact that different courts have given different effect to like language does not create an ambiguity in the instrument. Adoption of the suggested test of "ambiguity" would leave little protection in the rule against modification of the terms of a written instrument by parol testimony. Moreover, even if the contention were valid, it would be unavailing here since the record does not show that the excluded evidence was proffered on the motion for new trial. (G. S. 1935, 60-3004; *Saathoff v. State Highway Commission,* 146 Kan. 465, 466, 72 P. 2d 74, and other cases cited in Hatcher's Digest, Appeal and Error, § 372.)

Did the trial court err in holding that the will gave the widow a fee title defeasible as to one-half in the event of her remarriage? A distinction between the common-law and statutory rules may first be noted. Under the former, the use of words of inheritance—such as the phrase "to B and his heirs"—was necessary, in deeds at least, in order to convey the fee. In the absence of such words the grantee got only a life estate. This was also true as to wills unless it otherwise clearly appeared that a fee simple was intended. (2 Simes, Law of Future Interests, 30, 37, §§ 316, 319; 1 Tiffany, Real Property, 3d ed., 39, 43, §§ 28, 31.) The common-law rule, however, has been abrogated in this state (G. S. 1935, 67-202; 1939 Supp. 59-614; *Twist v. Twist,* 91 Kan. 803, 139 Pac. 431; *Jameson v. Best,* 124 Kan. 633, 261 Pac. 582) and in most states (1 Tiffany, Real Property, 3d ed., pp. 42, 46; Restatement, Property, § 39, and note).

The statutory rule is that in cases of both deeds and wills the presumption is that a fee simple rather than a life estate has been granted or devised. It may be conceded that the decisions of various jurisdictions cannot be fully harmonized as to the language necessary to rebut the presumption. It is generally held, however, that where there is no gift over—no remaindermen named—very clear and definite language is required to show that only a life estate was intended. (2 Simes, Law of Future Interests, p. 39.) It is said in 40 Cyc. 1624 that "the absence of a limitation over may indicate that the first taker is to have an absolute estate, . . . but not where a life estate is clearly intended." Also to like effect see 28 R. C. L. 238. In the instant case there is no gift over of any sort if the widow does not remarry, and only so as to one-half in case she does remarry. And we do not find in the will any words "clearly indicating" that only a life estate was intended. This view is also fortified to some extent by the fact that in the later quoted paragraph of the will this language occurs, "it is my wish that my just debts be paid—the residue to go to my wife, Maude Jenkins, as above mentioned." The fact that no reference was there made to remaindermen would not alone be conclusive on the point, since the words "as above mentioned" were added, but the paragraph at least provides no support for appellants' view.

The narrowed question remains as to whether the language here "as long as she remains my widow," following words which would otherwise convey an absolute fee, converts the fee into a life estate during widowhood, with reversion to the testator's estate if she dies unmarried. We must agree with appellants that some courts have held that it does. Such authorities are in most cases greatly weakened, however, by later decisions, and our examination of the cases under the statutory rule discloses a marked weight of authority in support of the contrary view. In substance the general rule, stated in Restatement, Property, § 46, is that a fee simple, subject to an executory interest, results when words which would create a fee are followed with a proviso that the estate so created is to be divested upon the occurrence of a stated event, in favor of persons other than the conveyor or his successors in interest; and that under the modern statutes the rule as to creation of a fee title is the same whether the fee be absolute or subject to an executory interest. (*Anderson v. Anderson,* 119 Neb. 381, 229 N. W. 124; *Cummings v. Lohr,* 246 Ill. 577, 92 N. E. 970; *Redding v. Rice,* 171

Pa. St. 301, 33 Atl. 330; *Hults v. Holzbach,* 233 Pa. St. 367, 82 Atl. 469; *Will of Baird,* 171 Wis. 215, 177 N. W. 23; *Vaughn v. Converse,* 184 Iowa 891, 169 N. W. 144; *Walten v. Jones,* 216 Ky. 289, 287 S. W. 710; and see statement of annotator in annotation 122 A. L. R., at page 75, section VIII, subsection b.)

The cases which may be said to support appellants' view are in most part rather old ones. For example, Nebraska and Pennsylvania cases prior to cases from those states cited *supra.* This may also be said concerning some of the cases cited by appellants: *Giles v. Little,* 104 U. S. 291, was overruled in *Roberts v. Lewis,* 153 U. S. 367, and see *Anderson v. Anderson,* supra. In *Morgan et al. v. Christian et al.,* 142 Ky. 14, 135 S. W. 982, we are not told what the conveyancing statutes were. Also see the later Kentucky case of *Walten v. Jones,* supra, where the limitation was not greatly different. Also, we are not able to fully appraise the force of the decisions in some of the other cases cited by appellants because the conveyancing statutes then in effect are not given.

We find no decision of this court squarely in point. But our decisions clearly tend to support a defeasible fee in the widow. In the case of *In re Brown,* 119 Kan. 402, 239 Pac. 747, the words "as long as life doth last" was held to be equivalent to "forever" and the devisee was given a fee title. The case emphasized the rule that in the interpretation of a will the construction which will prevent a partial intestacy is preferred if the language used will permit it. That rule has some bearing on the instant case. To hold that the widow received only a life estate, would leave part of the testator's estate undisposed of by the will in case she dies without remarrying. Also, see *Jameson v. Best,* supra, where the will was held to vest full title in the devisees even though the proviso was "to have and to hold the same, for and during their natural lives."

Under the rules of construction above indicated the words "to my wife I give and bequeath all my property both real and personal" are words conveying a fee; the proviso "as long as she remains my widow" makes the fee defeasible, and the provision that the three children are to get one-half the property in case the widow remarries is an executory devise; with the result that the widow holds a fee title defeasible as to one-half upon the event of her remarriage, and the children have no present interest in the testator's estate.

Appellants say that they were entitled to allowance of attorneys' fees out of the estate. The record, however, discloses nothing concerning the question and appellants advance no theory in support of the contention other than that they had a meritorious case, and no authorities are cited.

The judgment is affirmed.

ALLEN, J. (concurring): An estate in fee simple determinable may be succeeded by an executory interest in favor of other persons. When the gift over does not violate the rule against perpetuities it is good.

In the well-known case of *Leonard v. Burr*, 18 N. Y. 96, the testator devised land to B and his heirs "until Gloversville shall be incorporated as a village" and then to the trustees of the village for library purposes. The gift to the trustees was too remote and was void. As B's interest ended with the incorporation of the village, the heirs of the testator took the land under the possibility of reverter.

See *Beverlin v. First National Bank,* 151 Kan. 307, 313, and cases cited. Compare *Watrous v. Limbocker,* 140 Kan. 154, 33 P. 2d 938.

Here the wife of the testator was given a fee simple to continue "as long as she remains my widow." She was thus given a fee simple determinable and if there had been no gift over the property would upon her remarriage have reverted to the heirs of the testator. But in the event of her remarriage there was a gift over to the children of the testator, as to one-half of the property. This was a valid gift. The executory interest in favor of the children as to one-half of the property will become operative by the remarriage of the widow, and the same event will cut short the fee of the widow in the one-half interest.